FILED

11 JAN 19 AM 9:39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDWARD JACKSON III, Inmate No. 99130-198,<br><br>  Plaintiff,<br><br>vs.<br><br>BONNIE DUMANIS, et al.,<br><br>  Defendants. | Civil No.  10-2200 WQH (PCL)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [Doc. No. 4];**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) [Doc. No. 4]; and**<br><br>**(3) GRANTING LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

    Plaintiff, Richard Edward Jackson, III, a former pre-trial detainee, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.

    Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), as well as a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) and a Motion to Amend his Complaint [Doc. No. 4].

///

///

## I.

## Motion to Proceed IFP [Doc. No. 4]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Because it appears that Plaintiff is no longer incarcerated, he is not subject to the filing fee garnishment found in 28 U.S.C. § 1915(b)(2).

Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action, and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].

## II.

## Motion for Appointment of Counsel [Doc. No. 4]

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.
### Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 4] is **DENIED**.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

3. Plaintiff's Motion to Amend Previous Complaint is **GRANTED** [Doc. No. 4]. Plaintiff is granted thirty (30) days from the date this Order is "Filed" in which to file an amended. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CA. CIV.LR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: 1/18/11

HON. WILLIAM Q. HAYES
United States District Judge