# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDWARD JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>BONNIE DUMANIS; STATE OF CALIFORNIA; DR. NARANYO; SAN DIEGO CENTRAL DETENTION FACILITY; CAPTAIN PENA; SAN DIEGO SHERIFF WILLIAM GORE; SAN DIEGO COUNTY,<br><br>Defendants. | Civil No.  10cv2200 WQH (CAB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

## I.    PROCEDURAL HISTORY

On October 18, 2010, Plaintiff, a former pre-trial detainee proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court dismissed the action for failing to pay or move to proceed *In Forma Pauperis* ("IFP"). *See* Nov. 22, 2010 Order at 2. On November 30, 2010, Plaintiff filed a Motion to Proceed IFP, a Motion to Amend/Correct the Complaint, Motion for Investigation of DOJ, Motion to Appoint Counsel and a notice of change of address indicating that Plaintiff was no longer incarcerated [ECF No. 4].

On January 19, 2011, the Court granted Plaintiff's Motion to Proceed IFP, denied his Motion for Appointment of Counsel and Investigation of DOJ and granted Plaintiff leave to file a First Amended Complaint. *See* Jan. 19, 2011 Order at 3.  On January 31, 2011, Plaintiff filed a one page First Amended Complaint ("FAC").

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who were "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. § 1915(e)(2)(B).   Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

### A.    42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that:  (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B.    Inadequate medical care claims

Plaintiff's First Amended Complaint is only one page long and fails to set forth any specific factual allegations.  However, it does appear that Plaintiff is alleging that he suffers from depression.   At the times alleged in his First Amended Complaint, Plaintiff was a pre-trial detainee housed at the San Diego Central Detention Facility .  The Ninth Circuit has noted that while different Constitutional provisions may be applied dependent on whether a plaintiff's claim arises before or after conviction, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf.*

1   *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the

2   Court generally looks to Eighth Amendment cases when reviewing conditions of confinement

3   claims raised by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible ...

4   that the protections provided pretrial detainees by the Fourteenth Amendment in some instances

5   exceed those provided convicted prisoners by the Eighth Amendment."); *see also Lolli v. County*

6   *of Orange*, 351 F.3d 410, 419 n.6 (9th Cir. 2003) (quoting *Gibson*, 290 F.3d at 1188 n.10).

7   In order to assert a claim for inadequate medical care, Plaintiff must allege facts which

8   are sufficient to show that each person sued  was "deliberately indifferent to his serious medical

9   needs."  *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106

10   (1976).  Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical

11   needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or

12   medical malpractice constitutes a constitutional violation.  *Estelle*, 429 U.S. at 105-06.

13   Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an

14   objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of

15   comment, one which significantly affects his daily activities, or one which is chronic and

16   accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);

17   and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual

18   Defendant.  *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

19   Here, Plaintiff's allegations are insufficient to plead an inadequate medical care claim.

20   It appears that Plaintiff is claiming that he was denied a specific medication.  However, there are

21   no facts in the First Amended Complaint from which the Court can determine whether he has

22   suffered any injury as a result of the Defendants' alleged refusal in providing treatment.  *See*

23   *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner

24   can make "no claim for deliberate medical indifference unless the denial was harmful.").

25   Moreover, it appears that Plaintiff's claims are merely a disagreement over the preferred

26   course of treatment for his medical condition   A mere difference of opinion between an inmate

27   and prison medical personnel regarding appropriate medical diagnosis and treatment are not

28   enough to establish a deliberate indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th

1   Cir. 1989).

2           **C.      Respondeat Superior and *Monell***

3           In addition, Plaintiff names San Diego County Sheriff William Gore as a party but fails

4   to assert any specific factual allegations pertaining to this Defendant.  There is no respondeat

5   superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir.

6   1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and

7   responsibilities of each individual defendant whose acts or omissions are alleged to have caused

8   a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*

9   *v. Goode*, 423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff

10  must allege personal acts by each individual Defendant which have a direct causal connection

11  to the constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir.

12  1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

13          Supervisory officials may only be held liable for the allegedly unconstitutional violations

14  of a subordinate if Plaintiff sets forth allegations which show:  (1) how or to what extent they

15  personally participated in or directed a subordinate's actions, and (2) in either acting or failing

16  to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional

17  rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded, however,

18  Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an

19  individualized constitutional claim against Defendant Gore.

20          Plaintiff also names the San Diego Central Detention Facility as a Defendant in this

21  matter.  However, an agency or department of a municipal entity is not a proper defendant under

22  § 1983.  *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996).  Rather, the

23  County itself is the proper defendant.  *See id.*  "[A] municipality cannot be held liable solely

24  because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under

25  § 1983 on a respondeat superior theory."  *Monell v. Department of Social Services*, 436 U.S.

26  658, 691 (1978).

27          Finally, to the extent Plaintiff has named the County of San Diego as a Defendant, a

28  municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where

a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Thus, to plead liability on behalf of the County, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Brown*, 520 U.S. at 404; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Put another way, in order to state a § 1983 claim against the County of San Diego, Plaintiff must allege facts showing that his injury was caused by individual county officers whose conduct both violated the constitution and conformed to an official county policy, custom or practice. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). All these things he has failed to do.

**D.    Absolute Immunity**

Plaintiff names San Diego District Attorney Bonnie Dumanis as a Defendant but the basis of his allegations against Defendant Dumanis is not clear. Regardless, any claims against Defendant Dumanis would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent Plaintiff seeks monetary damages against District Attorney Dumanis. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

For all these reasons, the Court finds that Plaintiff's First Amended Complaint must be

1  dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking

2  monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

3  **III.    CONCLUSION AND ORDER**

4           Good cause appearing, **IT IS HEREBY ORDERED** that:

5           1.      The case is **DISMISSED** without prejudice for failing to state a claim upon which

6  relief may be granted and for seeking money damages against immune Defendants.  *See* 28

7  U.S.C. § 1915(e)(2).

8           2.      Plaintiff is granted forty five (45) days from the date this Order is "Filed" in which

9  to file an amended complaint which addresses each deficiency of pleading noted above.

10 Plaintiff's Amended Complaint must be complete in itself without reference to the superseded

11 pleading.  *See* S.D. CAL. CIV.LR. 15.1.  Defendants not named and all claims not re-alleged in

12 the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565,

13 567 (9th Cir. 1987).

14          3.      The Clerk of Court is directed to mail a court approved form § 1983 complaint to

15 Plaintiff.

16

17 DATED:  April 11, 2011

18                                             *William Q. Hayes*
                                               **WILLIAM Q. HAYES**
19                                             United States District Judge

20

21

22

23

24

25

26

27

28