# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDWARD JACKSON, III, | CASE NO. 10cv2200 WQH-NLS |
| Plaintiff, | ORDER |
| vs. | |
| BONNIE DUMANIS, District Attorney; WILLIAM GORE, San Diego County Sheriff; CAPTAIN PENA, San Diego Central Jail Facility Commander; DR. NORANYO, Director of Psychiatry, SDCJ; COUNTY OF SAN DIEGO, Central Detention Facility, George Bailey Detention Facility, and San Diego Psychiatric Hospital, | |
| Defendants. | |

HAYES, Judge:

The matter before the court is the Report and Recommendation (ECF No. 58) recommending that the Motions to Dismiss filed by Defendant Dr. Noranyo (ECF No. 21), Defendants Bonnie Dumanis, William Gore, and Captain Pena (ECF No. 22) and Defendant County of San Diego (ECF No. 56) be granted and that the Second Amended Complaint (ECF No. 12) filed by Plaintiff Richard Jackson be dismissed with prejudice.

## BACKGROUND

On October 26, 2010, Plaintiff, a former pre-trial detainee proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). On January 31, 2011, Plaintiff filed a first amended complaint. (ECF No.

10). On May 18, 2011, Plaintiff filed a second amended complaint ("Complaint"). (ECF No. 12).

In the Complaint, Plaintiff alleges that he was not given his bipolar disorder medication, Seroquel, while in custody at the San Diego Central Detention Facility despite numerous requests to receive that medication. Plaintiff alleges that he was sent to San Diego Psychiatric Hospital where he was only treated for high blood pressure, not his bipolar disorder or suicidal tendencies. Plaintiff alleges that he was placed in a padded "safety cell" on the day of his arrival to San Diego Central Detention Facility, during which time he received food and water through a hole in the door and was forced to use a storm drain as bathroom facilities. Plaintiff alleges that he was treated by a psychiatrist at San Diego Central Detention Facility and did receive medication, but he was never treated for suicidal tendencies or given Seroquel, the medication he alleges to be most effective in treating his symptoms. Plaintiff alleges that Defendants were deliberately indifferent to his medical need for Seroquel and that San Diego County policies for treating suicidal inmates violates his civil rights. Plaintiff alleges that the following civil rights were violated by Defendants: "Americans with Disabilities Act 1990, right to medical care, freedom from cruel and unusual punishment 8th Amendment and 14th Amendment." (ECF No. 12 at 1).

On July 26, 2011, Defendant Noranyo filed a motion to dismiss. (ECF No. 21). Defendant Noranyo contends that Plaintiff's allegations against Dr. Noranyo amount to a difference of medical opinion and fail to state a claim upon which relief may be granted. On August 2, 2011, Plaintiff filed an opposition to the motion to dismiss. (ECF No. 24). Plaintiff contends that Dr. Noranyo was head psychiatrist at San Diego Central Detention Facility and responsible for treating Plaintiff's bipolar disorder and suicidal tendencies, but failed to do so.

On August 1, 2011, Defendants Dumanis, Gore, and Pena filed a motion to dismiss contending that Plaintiff fails to allege any facts demonstrating personal involvement or facts supporting liability on the part of Defendants Dumanis, Gore, and Pena. (ECF No. 22). On November 26, 2011, Defendant County of San Diego filed a motion to dismiss contending that Plaintiff's allegations are conclusory and insufficient to state a civil rights claim against a

municipality. (ECF No. 56). The record does not reflect that any oppositions were filed by Plaintiff to the motions to dismiss filed by Defendants Dumanis, Gore, Pena and the County of San Diego.

On January 23, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the motions to dismiss be granted. (ECF No. 58). On February 13, 2012, Plaintiff filed an objection to the Report and Recommendation. (ECF No. 60).

**REVIEW OF THE REPORT AND RECOMMENDATION**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

**A.    Medical Treatment Claims**

The Court has reviewed the Report and Recommendation, the record in this case, and the submissions of the parties. Regarding the claims against Defendants Dumanis, Gore, and Pena, the Court finds that the Magistrate Judge correctly stated that "liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of... subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (ECF No. 58 at 4, quoting *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989)). The Magistrate Judge correctly found that "Plaintiff has failed to allege any facts as to how defendants Dumanis, Gore or Pena were involved in the alleged constitutional violation. Their names are never mentioned in the [Complaint]." *Id.* at 5. The Magistrate correctly concluded that "even if one were to consider the previous complaints, Plaintiff has failed to state a claim against these defendants " *Id.*

1       Regarding the claims against Defendant Noranyo, the Magistrate Judge correctly stated
2 that "a complaint that a physician has been negligent in diagnosing or treating a medical
3 condition does not state a valid claim of medical mistreatment under the Eighth Amendment."
4 *Id.* at 7 (quotation omitted). The Magistrate Judge correctly stated that "[d]ifferences in
5 judgment between an inmate and prison medical personnel regarding appropriate medical
6 diagnosis and treatment are not enough to establish a deliberate indifference claim." *Id.* The
7 Magistrate Judge correctly found that "Plaintiff does not allege that Dr. Naranjo failed to treat
8 his condition. Rather, Plaintiff alleges that Dr. Naranjo did not prescribe him the medication
9 Seroquel.... [and that] Dr. Naranjo was not competent in how he handled Plaintiff's treatment."
10 *Id.* The Magistrate Judge correctly concluded that Plaintiff "alleges a disagreement over
11 treatment or, at most, medical negligence, and therefore does not state an Eighth Amendment
12 claim [against Defendant Noranyo]." *Id.* at 8.

13       Regarding the claims against Defendant County of San Diego, the Magistrate Judge
14 correctly stated that "a local government entity such as the County may not be sued under §
15 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of
16 a government's policy or custom ... inflicts the injury that the government as an entity is
17 responsible under § 1983." *Id.* at 10 (quotations omitted). The Magistrate Judge correctly
18 stated that such a claim "may not be pursued in the absence of an underlying constitutional
19 deprivation or injury." *Id.* The Magistrate Judge correctly concluded that "Plaintiff's
20 allegations are insufficient to state any underlying constitutional deprivation or injury" and that
21 "while Plaintiff makes some general allegations in the [Complaint] about a 'policy' that has
22 caused his constitutional rights to be violated, Plaintiff fails to allege exactly what that policy
23 is, or how he was injured by the execution of any such policy." *Id.* (footnote omitted).

24 **B.      Leave to Amend**

25       The Magistrate Judge correctly stated that "[l]eave to amend may be denied for repeated
26 failure to cure deficiencies by previous amendments allowed and futility of amendment." *Id.*
27 at 11. The Magistrate Judge correctly concluded that the allegations of the Complaint
28 regarding Plaintiff's medical treatment should be dismissed with prejudice because "the

gravamen of Plaintiff's complaint is that he disagreed with the treatment he was provided for his mental health condition; and that disagreement simply does not rise to the level of an Eighth Amendment violation." *Id.* Plaintiff's allegations regarding medical treatment for his mental health issues at San Diego Central Detention Facility are dismissed with prejudice.

However, in his objections to the Report and Recommendation, Plaintiff contends that "the Seroquel medication... is the last thing I am complain[ing] about" and that "the safety cell policy created by all defendants in this case is my complaint." (ECF No. 60 at 2). Plaintiff references his confinement in the safety cell in opposition to the motion to dismiss filed by Defendant Noranyo, asserting that Plaintiff was placed "in a cell that is not adequate for human living in violation of plaintiffs civil rights for mental health care and conditions of confinement." (ECF No. 24 at 1). Plaintiff appears to allege a conditions of confinement claim regarding his placement in the safety cell, alleging in the Complaint that:

> I was ordered to enter the small padded room with a storm drain in the middle of the cell for a toilet. I was ordered to take off all my clothes and kick them back to the deputies.... While in the safety cell I received a lunch bag that was emptied to me through a trap in the door and someone occasional[ly] walked by with water using the same method.... I had a stool movement in the safety cell[.] I had to ask for toilet paper which I never received....

(ECF No. 12 at 2). Plaintiff alleges that he spent one night in the safety cell, on his first night in custody at the San Diego Central Detention Facility.

Prison conditions do not violate the Eighth Amendment unless they amount to "unquestioned and serious deprivations of basic human needs" or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). The Eighth Amendment requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes*, 452 U.S. at 347, 349; *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982). Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976); see also *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347.

1 |       To assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must allege facts sufficient to fulfill two requirements: one objective and one subjective. *Farmer,* 511 U.S. at 834; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994), *cert. denied*, 115 S. Ct. 1695 (1995). Under the objective requirement, the prisoner must allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Farmer,* 511 U.S. at 834. This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit,* 682 F.2d at 1246; *Farmer*, 511 U.S. at 832. Under the subjective requirement, the prisoner must allege facts that show that the defendant acted with "deliberate indifference." *Wilson*, 501 U.S. at 303; *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 302-303.

      Plaintiff alleges to have been deprived of clothing and some degree of sanitation while confined in the safety cell overnight. However, Plaintiff makes no allegations that any named Defendant knew of or disregarded the deprivation, or that the deprivation was one involving substantial risk of serious harm. See *Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 302-303. To the extent that Plaintiff seeks to allege a claim for unconstitutional conditions of confinement, the factual allegations of the Complaint fail to state a claim upon which relief can be granted. Plaintiff's allegations regarding his placement in the safety cell at San Diego Central Detention Facility are dismissed without prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 58) is ADOPTED as follows: The Motion to Dismiss filed by Defendant Dr. Noranyo (ECF No. 21) is GRANTED. The Motion to Dismiss filed by Defendants Bonnie Dumanis, William Gore, and Captain Pena (ECF No. 22) is GRANTED. The Motion to Dismiss filed by Defendant

County of San Diego (ECF No. 56) is GRANTED. The Complaint (ECF No. 12) filed by Plaintiff Richard Jackson is DISMISSED WITH PREJUDICE as to Plaintiff's claims regarding medical treatment for his mental health issues at San Diego Central Detention Facility and DISMISSED WITHOUT PREJUDICE as to Plaintiff's claims regarding his placement in a safety cell at San Diego Central Detention Facility.

No later than **sixty (60) days** from the date of this Order, Plaintiff may file an amended complaint. If Plaintiff files an amended complaint, the pleading must be complete in itself and may not incorporate by reference any prior pleading. Any defendant not named, and all claims not re-alleged, will be deemed waived. If Plaintiff's amended complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend. *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996). If Plaintiff does not file an amended complaint within 60 days from the date of this Order, the Clerk of the Court will be instructed to close the case.

DATED: March 13, 2012

_____
**WILLIAM Q. HAYES**
United States District Judge